IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:11-cv-158

| | |
|---|---|
| WILLIAM WALT PETTIT, in his capacity as court-appointed receiver for the Biltmore Financial Group, Inc., )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>STEPHEN ALLEN, ET. AL., )<br>)<br>**Defendants.** )<br>) | **ORDER** |

**BEFORE THE COURT** are two motions for default judgment filed by William Walt Pettit (the "Receiver"). On April 10, 2015, the Receiver moved to put Huffman Racing, Inc. and George Huffman into default. (Docs. 78-79). On April 15, 2015, the Clerk placed each Defendant in default. Huffman and Huffman Racing, Inc.'s sole participation in this litigation was to waive service. Neither has filed an answer.

Rule 55(b) is titled "Entering a Default Judgment" and provides that:

> **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>     **(A)** conduct an accounting;
>     **(B)** determine the amount of damages;
>     **(C)** establish the truth of any allegation by evidence; or
>     **(D)** investigate any other matter.

When a party is put in default, he admits the plaintiff's allegations of fact. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Court must determine whether the allegations support the relief sought. *Id.* Although the well-pleaded allegations in a complaint are accepted as true for purposes of a default judgment, a party who defaults does not admit allegations as to damages. *See* Fed. R. Civ. P. 8(b)(6) (providing that "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

The Court may conduct an evidentiary hearing or may dispense with one if there is a sufficient evidentiary basis in the record to calculate the award desired. Fed. R. Civ. P. 55(b)(2); *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998) ("[I]n some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing."); *Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly."). A trial court may not enter judgment that differs from the kind or amount sought in the pleadings. Fed. R. Civ. P. 54(c).

I.  **The Allegations Support the Relief Sought**

The Receiver is charged with making the maximum disbursement to claimants of the Biltmore Financial Group, Inc. by taking control of all assets of and traceable to the Receivership Estate. (Doc. 1, at ¶ 1). This action involves the sale of unregistered securities to investors in a Ponzi scheme. (*Id.* at ¶ 2 & ¶ 13). Defendants Huffman and Huffman Racing, Inc. received funds from the Ponzi scheme in excess of their purported investments in the unregistered

securities. Proceeds received by Defendants were not the actual principal and/or interest from funds invested but rather came directly from the sale of other unregistered securities. (*Id.* at ¶ 3). The proceeds from the Ponzi scheme were transferred by the sellers of the unregistered securities to Defendants Huffman and Huffman Racing, Inc. solely for the purpose of concealing and perpetuating the fraudulent scheme. (*Id.* at ¶ 18). Defendants did not receive a return on their investment; rather, they received funds which originated from the more than three hundred fifty holders of unregistered securities who were deceived into purchasing unregistered securities and who failed to withdraw funds prior to the date the Receivership was established. (*Id.* at ¶ 24).

"It is well-settled that a Receiver has standing to assert claims for fraudulent transfer under the UFTA because the Receivership entity was harmed by the diversion of those assets." *Bell v. Disner*, No. 3:14CV91, 2014 WL 6978690, at *5 (W.D.N.C. Dec. 9, 2014) (analyzing North Carolina's UFTA). "[W]here the existence of a Ponzi scheme is proved, it is conclusively presumed that the transferor of a fraudulent conveyance made the transfer with actual intent to defraud its creditors." *Terry v. June*, 432 F. Supp. 2d 635, 639 (W.D. Va. 2006); *see also Wiand v. Lee*, 753 F.3d 1194 (10th Cir. 2014); *In re Whitley*, 463 B.R. 775, 781 (Bankr. M.D.N.C. 2012) ("This court finds that the 'Ponzi scheme presumption' . . . arises in fraudulent transfer actions brought under . . . the North Carolina Fraudulent Transfer Act."). "[W]here a plaintiff proves a transfer of property and the transferor's actual intent to defraud, the burden shifts to the transferee to prove that he received the transfer in objective good faith and for reasonably equivalent value." *Terry*, 432 F. Supp. 2d at 641 (concluding that this statement is well established). "[W]here the existence of a Ponzi scheme is established, the transferee's proof that it made a "capital" investment in the scheme does not constitute reasonably equivalent value for the receipt of fictitious profits." *Id.* at 642.

Equitable relief against persons who have received funds in excess of their investment in a Ponzi scheme is appropriate because "they do not have a legitimate claim to those funds." *See U.S. Commodity Futures Trading Comm'n v. Capitalstreet Fin., LLC*, No. 3:09-CV-387-RJC-DCK, 2012 WL 79758, at *14 (W.D.N.C. Jan. 11, 2012). A constructive trust may also be imposed in appropriate circumstances against proceeds received by "early adopters" of a Ponzi scheme. *Bell*, 2014 WL 6978690, at *8.

The Court finds that the Receiver's allegations support his claim under either the fraudulent transfer or equitable theories advanced in the Complaint. The allegations show that Huffman and Huffman Racing Inc. received funds which originated from a Ponzi scheme in an amount above and beyond their initial investment in the scheme. Accordingly, the Receiver is entitled to disgorgement of these funds as part of the Receivership Estate.

## II. The Court Finds that the a Hearing is Unnecessary

Attached to the Motion is the affidavit of a forensic accountant, which details an investigation into the Biltmore Ponzi scheme. The forensic accountant details the specific accounts opened, the amount invested, the total withdrawals, and the false profits. The accountant concluded that Huffmans collectively received $58,214.33 in false profits. (Doc. 91-1, at ¶ 17). The accountant concluded that Huffman Racing, Inc. received false profits in the sum of $100,338.00. (Doc. 93-2, at ¶ 11). The Court notes that Robert Huffman, President of Huffman Racing, Inc., wrote a letter to the Receiver in response to the Motion for Entry of Default. The letter provides no information that warrants against the Court entering a default judgment; for example, the letter indicates that a judgment may not be collectible.

**IT IS, THEREFORE, ORDERED THAT**

(1) The Receiver's Motion for Default Judgment against George Huffman (Doc. 91) is **GRANTED**;

(2) The Receiver's Motion for Default Judgment against Huffman Racing Inc. (Doc. 93) is **GRANTED**;

(3) The Clerk is directed to enter judgment in accordance with Rule 58.

Signed: August 25, 2015

Richard L. Voorhees
United States District Judge